NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

————————————

**LARRY GOLDEN, dba ATPG Technology, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

————————————

2018-1942

————————————

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00307-SGB, Senior Judge Susan G. Braden.

————————————

Before O'MALLEY, BRYSON, and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

In light of the parties' responses to this court's show cause order, the court considers whether Larry Golden's appeal should be dismissed as premature.

Mr. Golden is appealing from a March 29, 2018 memorandum opinion and order of the United States Court of Federal Claims granting-in-part the government's motion for partial dismissal, denying Mr. Golden's motion for leave to file a motion for summary judgment, and stating

that the Claims Court would "convene a telephone status conference . . . to identify what, if any, patent infringement allegations are viable and may be adjudicated, and how the parties propose proceeding."

The court's jurisdiction over appeals from decisions of the Claims Court is governed by 28 U.S.C. § 1295(a)(3). Section 1295(a)(3) provides that this court has jurisdiction over "an appeal from a final decision of the United States Court of Federal Claims." "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here, the Claims Court has not issued a final decision or judgment. In fact, Mr. Golden concedes that the Claims Court "did not decide all issues."

He cites to Rule 54(b) of the Federal Rules of Civil Procedure. But that rule, which is a virtual duplicate of Claims Court Rule 54(b), is of no help to Mr. Golden. Claims Court Rule 54(b) states that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Here, the Claims Court has not certified its judgment under Claims Court Rule 54(b).  Nor has it provided an express determination that there is no just reason for delay.  Accordingly, its March 29, 2018 order cannot be deemed a final judgment subject to our review.

Finally, we note that Mr. Golden's response contends that the Claims Court trial judge's "biases and lack of impartiality has rendered her incompetent to adjudicate this case."  To the extent that his filings can be construed as such, a party seeking mandamus relief must show that (1) he has a clear legal right to relief, (2) there are no adequate alternative legal channels through which he may obtain that relief, and (3) the grant of mandamus is appropriate under the circumstances.  *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004); *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).  From our review of Mr. Golden's filing, we cannot say he has met this standard.

We dismiss the appeal subject to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days of the date of filing of this order, Mr. Golden appeals from the entry of a final judgment on the entire case or obtains a certificate for appeal pursuant to Claims Court Rule 54(b).

Accordingly,

IT IS ORDERED THAT:

(1)  The stay of the briefing schedule is lifted.

(2)  This appeal is dismissed for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days of the date of filing of this order, Mr. Golden appeals from the entry of a final judgment on the entire case or obtains a certificate for appeal pursuant to Rule 54(b).

4                                        GOLDEN v. US

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32