# In the United States Court of Federal Claims

No. 13-307C
(Filed: May 8, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LARRY GOLDEN,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

Takings; taking of intangible patented subject matter; 28 U.S.C. § 1491 (2012); 28 U.S.C § 1498(a) (2012); subject matter jurisdiction

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

BRUGGINK, *Judge.*

Pending before the court is defendant's March 18, 2019 motion to dismiss plaintiff's takings claims under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. Defendant argues that plaintiff's purported takings claims are, in substance, patent infringement claims, which cannot be brought under the Tucker Act, 28 U.S.C. § 1491 (2012), but must instead be brought under the court's separate patent jurisdiction, 28 U.S.C. § 1498(a) (2012). (Plaintiff already has pending claims under § 1498(a).) Defendant also argues that, in any event, plaintiff's allegations fail to state a viable takings claim. The motion is fully briefed. Oral argument is deemed unnecessary. We grant defendant's motion to dismiss all of plaintiff's takings claims. In many respects they fail to state a claim on which relief can be granted, but more importantly, we do not have jurisdiction over them under the Tucker Act.

The final amended complaint includes two general counts, a takings claim and a patent infringement claim, followed by a battery of particular takings and patent infringement allegations. Count I alleges that the United States has taken "Intangible Patented Subject Matter of U.S. Patents," stating:

87. [T]he United States has "taken" and continues to "take" the Plaintiff's personal property for the benefit of the public without paying just compensation for the "takings" . . . . [T]he Government has taken the private and personal Property subject matter as outlined in the Plaintiff's U.S. Patent No. [lists patent numbers] specifications and patent claims that are significantly the same or equivalent to the claimed inventions of the Plaintiff; the Government was given notice, made aware of, and told or signaled that the private and personal property subject matter as outlined in the Plaintiff's patent(s) specifications and patent claims that was taken by the Government are significantly the same or equivalent to the claimed inventions of the Plaintiff . . . resulting in the Government's manufacture and development of products, devices, methods, and systems that are significantly the same or equivalent to the claimed inventions of the Plaintiff . . . by virtue of the access, disclosure, manufacture, development or use, by or for the Government and its third party awardees, has destroyed the Patent Owner's competitive edge . . . the character of the Government's action was triggered when the "Takings" caused a permanent physical invasion of the Plaintiff's property and eliminated all economically beneficial uses of such property; without authorization and consent from the Patent Owner and without just compensation to the Plaintiff.

88. As a result of contracts, agreements, publications, solicitations, awards, announcements, and grants, the United States actions and conduct and the actions and conduct of its agents, including at least the following agencies: [lists agencies], has used for the benefit of the public, authorized the use for the benefit of the public, shared intangible subject matter, without license or legal right, or authorization and consent from the Plaintiff, Plaintiff's personal property subject matter as described in and covered by the Plaintiff's [lists patent numbers] patents.

Final Compl. ¶¶ 87-88.[1]

---

[1] Plaintiff follows Count I with discreet takings claims that mimic the language used Count I. Final Compl. ¶¶ 93-95, 98-100, 103-05, 108-10, 113-

The government contends that the "taking" plaintiff complains of consists of alleged patent infringement by or for the United States. The rights at issue are the subject matter of plaintiff's patents. 28 U.S.C. § 1498(a) provides a cause of action when a patented invention "is used or manufactured by or for the United States without license . . . ." The language plaintiff uses to describe the taking matches the language in § 1498(a): plaintiff pleads "manufacture. . . by or for the Government" and "use . . . by or for the Government." Final Compl. ¶ 87. Plaintiff's use of the terms manufacture, use, and develop mirror his patent infringement claims. Defendant argues that plaintiff cannot create jurisdiction under the Tucker Act by labelling what are in substance infringement claims as a taking.

Plaintiff submitted, by leave of court, an approximately 60-page response. Mr. Golden argues "[w]henever the Government use[s] with the public or contracts with other third party contractors for the development of Plaintiff's Intellectual Property Subject Matter . . . without just compensation, the Government has taken the Plaintiff's property . . . ." Pl.'s Resp. 53. He states that patent infringement is not a prerequisite to bringing a takings claim under the Fifth Amendment. Mr. Golden spends the bulk of his response alleging implied-in-fact contracts with various agencies. After our review of his response and exhibits, we understand Mr. Golden to argue that his takings claims are not concerned with patent infringement but with other actions such as alleged breaches of implied-in-fact contracts.

We conclude that plaintiff's "takings" claims seek compensation for patent infringement that cannot be pursued under the Tucker Act. This court has jurisdiction under the Tucker Act to adjudicate claims alleging violation of the Fifth Amendment Takings Clause. *See Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). The Supreme Court first held in *Schillinger v. United States*, 155 U.S. 163, 168-69 (1894), however, that the Tucker Act does not confer jurisdiction over a claim that the United States used a patented invention without authorization, even if pled as a Fifth Amendment takings claim. Following *Schillinger*, Congress waived the

---

15, 118-20, 123-25, 128-30, 133-35, 138-40, 143-45, 148-50, 153-55, 158-60, 168-70, 173-75, 181-83, 186-88, 191-93, 196-98, 201-03, 206-08, 211-13, 216-18, 221-23, 227-29, 232-34, 237-39, 242-44, 247-49, 252-54, 257-59, 262-64, 267-69, 272-74, 277-79, 282-84, 287-89, 292-94, 297-99, 302-04, 307-09, 312-14, 317-19, 322-24, 327-29, 332-34, 337-39, 342-44, 347-49, 352-54, 357-59, 362-64, 367-69, 372-74, 377-79, 382-84, 387-89, 392-94, 397-99, 402-04.

government's sovereign immunity regarding certain patent infringement claims by enacting a new statute, the predecessor to 28 U.S.C. § 1498. Patent infringement claims against the United States have since been brought exclusively as claims under § 1498(a). The Federal Circuit and this court have confirmed that a Fifth Amendment claim under the Tucker Act is not an alternative to suing for patent infringement under the now-existing § 1498(a). *Christy, Inc. v. United States*, 141 Fed. Cl. 641, 659-60 (2019); *Keehn v. United States*, 110 Fed. Cl. 306, 335 (2013); *Demodulation v. United States*, 103 Fed. Cl. 794, 810-11 (2012); *Lamson v. United States*, 101 Fed. Cl. 280, 284-85 (2011); *see also Zoltek v. United States*, 442 F.3d 1345, 1350-53 (Fed. Cir. 2006), *vacated on other grounds*, 672 F.3d 1309, 1326 (Fed. Cir. 2012) (en banc).

Plaintiff's takings claims are only concerned with the subject matter of his patents. Each takings claim is paired with a patent infringement claim relating to the same patents and government action. *E.g.*, Final Compl. ¶¶ 93-97 (both takings and infringement claims relate to the "LG Electronics G5 Smartphone"). The final complaint offers only headings to distinguish between the types of claims. Mr. Golden properly sought relief for patent infringement under § 1498(a). Most of those claims have been dismissed. Simply labeling the same government action a "taking" rather than patent infringement does not transform the claim into one justiciable under the Tucker Act as a violation of the Takings Clause of the Fifth Amendment. We thus dismiss plaintiff's purported takings claims for lack of subject matter jurisdiction.

Defendant also argues that plaintiff fails to state a claim upon which relief can be granted. We agree. This problem arises by virtue of the fact that plaintiff's allegations are internally inconsistent and vague. Plaintiff cannot state a claim for a "taking" by alleging that the government used information disclosed, but not claimed by, plaintiff's patents. *Johnson & Johnston Assocs. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2012). Similarly, plaintiff cannot state a claim for a "taking" by alleging that the government disclosed information that plaintiff himself had necessarily disclosed through patent prosecution. *See Festo Corp. v. Shoketsu Kogyo Kabushiki Co.*, 535 U.S. 722, 731 (2002). Plaintiff also references unlawful or unauthorized actions by the government throughout the complaint. *E.g.*, Final Compl. ¶¶ 134, 144, 154 ("interagency exchange of unauthorized information . . . shared intangible subject matter without a license or legal right"). A hallmark of a Fifth Amendment takings claim is a litigant's concession that the government's behavior is lawful; thus, plaintiff cannot state a "takings" claim to the extent he alleges the government's action was unlawful. *See Crocker*

*v. United States,* 125 F.3d 1475, 1476 (Fed. Cir. 1997). Taken together, plaintiff's claims lack elements necessary to state a taking and must be dismissed for failing to state a claim on which relief can be granted.

Finally, plaintiff spends many pages in his response discussing breach of implied-in-fact contracts and tying breach of those contracts to his takings claims, but none of this material is present in plaintiff's five amended complaints. Rule 15(a)(2) requires plaintiff to seek the opposing party's consent or the court's leave to amend the complaint. The court will freely grant leave to amend "when justice so requires." *Id.* Plaintiff has not moved to amend the final complaint. In the past, the court has freely allowed plaintiff to amend the complaint, but we also communicated to plaintiff that the fifth amended complaint must be the final, comprehensive statement of his allegations against the United States. May 25, 2017 Order, ECF No. 116 ("[T]he court has determined that Plaintiff may amend his complaint and claim chart one final time, prior to the court's ruling on jurisdiction. . . . Plaintiff will file a Fifth and Final Amended Complaint, wherein Plaintiff will allege all claims asserted against the government.") To the extent that any aspect of plaintiff's response to the motion to dismiss could be construed as a motion to amend, that motion is denied. The court will not consider any of these new allegations in relation to the motion to dismiss or moving forward with this matter.

The court therefore grants defendant's motion to dismiss plaintiff's takings claims. The only claims remaining in this case are eleven claims of patent infringement relating to three patents that survived the government's motion to dismiss certain patent infringement claims; those claims are poised for claim construction. The parties are directed to file a status report proposing a schedule for next steps in this matter on or before May 31, 2019.

ERIC G. BRUGGINK
Senior Judge