## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LARRY GOLDEN,

      Plaintiff, *pro se*,

  v.

THE UNITED STATES,

      Defendant.

No. 13-307 C

Senior Judge Eric G. Bruggink

### GOVERNMENT'S STATUS REPORT

Pursuant to this Court's May 8, 2019 Order (Dkt. 171) directing the parties to file a status report proposing a schedule for claim construction, Defendant the United States ("the Government") respectfully submits its scheduling proposal.  The Government attempted to confer with Plaintiff via e-mail about the Government's proposal on May 22, 2019 (*see* Exhibit 1) in an attempt to file a joint status report, but no response was received from Plaintiff prior to filing this paper.[1]

The Government's proposes the following claim construction milestones and dates:

| Milestone | Date |
| --- | --- |
| Parties to exchange (via e-mail, not by filing with the Court) their respective lists of proposed claim terms for construction | September 27, 2019 |
| Parties to exchange (via e-mail, not by filing with the Court) their respective proposed constructions for proposed claim terms | November 1, 2019 |

---

[1]    In that e-mail, the Government also asked Plaintiff whether he was reconsidering filing a motion under RCFC 41 to dismiss the remaining patent infringement counts to permit immediate appeal of his dismissed claims, as such a motion would affect the proposed schedule.

Received - USC?

MAY 3 0 2019

| | |
|---|---|
| Parties will file with the Court a Joint Claim Construction Chart listing the parties' proposed claim terms, respective proposed constructions, and identification of intrinsic and extrinsic evidence on which the proposing party intends to rely | December 6, 2019 |
| Parties file their respective Opening Claim Construction Briefs | January 31, 2020 |
| Parties file their respective Responsive Claim Construction Briefs | March 6, 2020 |
| Claim Construction Hearing, if requested by the Court | At the Court's convenience |

The Government submits that its proposed claim construction deadlines are reasonable based on a variety of factors, including the Government's need to develop its non-infringement and invalidity positions for a myriad of unrelated accused projects to inform its claim construction positions, the possibility that interested third parties may join this case, and undersigned Government counsel's anticipated unavailability for several weeks in August and September for family leave.

First, to adequately inform the Government's claim construction positions, the Government must first develop its non-infringement and invalidity positions. This process has already begun, but is complicated by several case-specific factors. Plaintiff's Claim Chart (Dkt. 121), despite its volume, provides little clarity in identifying how Plaintiff alleges each claim limitation is met by the accused devices/projects. Thus, Plaintiff's actual infringement theories remain unclear. And many of the remaining hodgepodge of unrelated accused projects appear to be experimental and/or discontinued, adding another impediment to the Government's analysis. Further, the breadth implied by Plaintiff's accusations of infringement by many disparate projects means that the Government's prior art search is correspondingly broad.

Moreover, the Government believes that, at least as broadly asserted, Plaintiff's patents may fail to comply with 35 U.S.C. § 112, some of which issues (such as indefiniteness) may be more efficiently raised during claim construction.

Second, because the 42-day period for third parties to respond to this Court's RCFC 14 notice has not yet expired,[2] it is possible that one or more of the noticed third parties may join this case in the next several weeks. Any third party that joins will certainly need to develop their own non-infringement and invalidity strategies, which will inform their own claim construction positions. The Government's proposed schedule is intended to preserve the ability for interested third parties to participate in the claim construction proceedings.

Third, undersigned Government counsel plans to take leave from mid-August to early September to assist with a newborn child. During that time, the undersigned expects to be generally unavailable.

Accordingly, the Government respectfully requests that its proposed schedule be adopted.

---

[2]     In accordance with Rule 14(b)(4)(B), the Government mailed notices to third parties via certified mail on May 9, 2019.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

GARY L. HAUSKEN
Director

May 30, 2019

NICHOLAS J. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
*Nicholas.J.Kim@usdoj.gov*
T: (202) 616-8116
F: (202) 307-0345

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "GOVERNMENT'S STATUS

REPORT" was deposited with Federal Express on May 30, 2019, postage pre-paid, to:

Larry Golden
740 Woodruff Road
#1102
Greenville, SC 29607

Plaintiff, *pro se*

Nicholas J. Kim
Department of Justice