# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LARRY GOLDEN,

        Plaintiff, *pro se*,

    v.

THE UNITED STATES,

        Defendant.

No. 13-307 C

Senior Judge Eric G. Bruggink

## DEFENDANT THE UNITED STATES' MOTION TO DISMISS
## PLAINTIFF'S SIXTH AMENDED COMPLAINT

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

GRANT D. JOHNSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530

*Attorneys for the Defendant,*
*The United States*

November 5, 2020

## TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 2

        A.      After Filing, Plaintiff Repeatedly Amended His Pleadings Until Ordered by the
                Court to File a "Fifth and Final Amended Complaint." ....................................... 2

        B.      The Majority of Plaintiff's Claims in the "Fifth and Final Amended Complaint"
                Have Been Dismissed by the Court. .................................................................... 2

        C.      The District of South Carolina Dismissed Plaintiff's "Duplicative" Infringement
                Suit, and the Federal Circuit Affirmed. .............................................................. 4

        D.      Plaintiff Moves to File His Present Sixth Amended Complaint ........................... 5

III.    RELEVANT LEGAL STANDARDS ...................................................................... 5

        A.      Failure to State a Claim for Which Relief Can Be Granted (RCFC 12(b)(6)) ....... 5

        B.      *Pro Se* Plaintiffs Are Not Excused From Failures in Pleading. ............................ 6

IV.     PLAINTIFF'S SIXTH AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS
        ENTIRETY.............................................................................................................. 7

        A.      Plaintiff's New Infringement Allegations Concerning the Government's Alleged
                Use of "Smartphones" and Other Consumer Devices Were Previously Dismissed
                by this Court for Lack of Jurisdiction and for Failure to State a Claim................ 8

        B.      Plaintiff's Infringement Allegations against the Accused Cell-All Program
                Prototypes Should be Dismissed in their Entirety. .............................................. 9

                1.      The Cell-All Project Prototypes accused in the Sixth Amended Complaint
                        are two prototype models demonstrated in September 2011. .................... 9

                2.      Plaintiff's infringement allegations asserting new patents and patent
                        applications against the Cell-All Project Prototypes should be dismissed
                        for violating the Court's orders and for lack of jurisdiction. .................... 11

                3.      Plaintiff's Sixth Amended Complaint fails to plausibly plead infringement
                        of any claim of the '497 Patent with respect to the accused Cell-All
                        Program Prototypes, and those allegations should be dismissed. ............. 13

V.      CONCLUSION....................................................................................................... 18

## TABLE OF AUTHORITIES

CASES

*Illinois v. United States*, 15 Cl. Ct. 399 (1988)……………………………………………………1

*Golden v. Apple, Inc.*, 2020 WL 710189 (D.S.C. Jan. 9, 2020)……………………………………4

*Golden v. Apple, Inc.*, 2020 WL 415896 (D.S.C. Jan. 27, 2020)………………………………4, 14

*Golden v. Apple Inc.*, 819 F. App'x 930 (Fed. Cir. 2020)…………………………………4, 6, 7, 9

*Golden v. Apple, Inc.*, 6:20-cv-02270 (Slip. Op.) (D.S.C. Sept. 11, 2020)…………………………4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………………......6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………………………6

*Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323 (Fed. Cir. 2012)……..6

*Erickson v. Pardus*, 551 U.S. 89 (2007)…………………………………………………………...6

*Henke v. United States*, 60 F.3d 795 (Fed. Cir. 1995)…………………………………………..6

*Bondyopadhyay v. United States*, 149 Fed. Cl. 176 (2020)……………………………………..6

*Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070 (Fed. Cir. 2016)……………………………13

*Hornback v. United States,* 601 F.3d 1382 (Fed. Cir. 2010)……………………………………13

*Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792 (Fed. Cir. 1990)………………………15

STATUTES

28 U.S.C. § 1498(a)……………………………………………………………………….......13

RULES

RCFC 8(a)(2)…………………………………………………………………………………...5

RCFC 12(a)(4)……………………………………………………………………………………1

RCFC 12(b)(1)…………………………………………………………………………….....2, 8, 13

RCFC 12(b)(6)……………………………………………………………………….…2, 5, 8, 17

RCFC 41(b)…………………………………………………………………………………....12

## I.     INTRODUCTION

The United States (the "Government") hereby moves to dismiss Plaintiff's latest Amended Complaint (Dkt. 195) ("the Sixth Amended Complaint"). In accordance with RCFC 12(a)(4), this motion is being filed in lieu of an answer. *See Illinois v. United States*, 15 Cl. Ct. 399, 413 (1988).

The Sixth Amended Complaint is the latest of Plaintiff's pleadings in this matter, which he originally filed in May 2013. After Plaintiff continually sought to expand the scope of his allegations from those in his original Complaint (Dkt. 1), the Court ordered Plaintiff in May 2017 to "amend his complaint and claim chart one final time" in order to "allege all claims asserted against the Government." Dkt. 116. Plaintiff responded with his "Fifth and Final Complaint." Dkt 120. Since then, the Court has gradually dismissed almost all of the claims from that Fifth and Final Amended Complaint. In a similar fashion, Plaintiff's counterpart litigation in the District of South Carolina has been dismissed, with affirmance by the Federal Circuit.

Now, Plaintiff seeks to expand his case once again. Although Plaintiff represented to the Court that this Sixth Amended Complaint would narrow his case to "one remaining infringement allegation," Dkt. 195 at 1, in reality the Sixth Amended Complaint seeks to assert new patents (and pending patent applications) and resurrect previously dismissed allegations against various non-party consumer electronics companies, as discussed below.

The Government respectfully submits that the Sixth Amended Complaint should be dismissed in its entirety by the Court. The "one remaining infringement allegation" maintained by Plaintiff in the Sixth Amended Complaint is fatally flawed and fails to state a claim for relief that is facially plausible, and the new claims that Plaintiff now seeks to assert in the Sixth

- 1 -

Amended Complaint have already been dismissed by this Court for lack of jurisdiction, for failure to state a claim, or for both.

## II.    BACKGROUND

### A.  After Filing, Plaintiff Repeatedly Amended His Pleadings Until Ordered by the Court to File a "Fifth and Final Amended Complaint."

The present case was filed over seven and a half years ago, on May 1, 2013. Dkt. 1. Over the next four years, Plaintiff repeatedly moved to amend his pleadings to assert additional allegations of patent infringement and alleged takings by the United States and various private companies.[1] *See* Dkt. 11; Dkt. 14; Dkt. 24; Dkt. 28; Dkt. 68; Dkt. 108; Dkt. 114. Following Plaintiff's May 15, 2017 "Motion To Supplement The Amended Complaint" (Dkt. 114), the Court issued an Order directing Plaintiff to "file a Fifth and Final Amended Complaint, wherein Plaintiff will allege all claims asserted against the Government," Dkt. 116 at 2 ("Plaintiff may amend his complaint and claim chart one final time"). Plaintiff filed his "Final Amended Complaint" and "Final Claim Chart" on August 10, 2017 (the "Fifth and Final Amended Complaint"). Dkt. 120; Dkt. 121.

### B.  The Majority of Plaintiff's Claims in the "Fifth and Final Amended Complaint" Have Been Dismissed by the Court.

Since Plaintiff filed the so-called "Fifth and Final" Amended Complaint in August 2017, almost all of the claims in that complaint have been dismissed by the Court. In an omnibus March 29, 2018 Order, the Court dismissed the vast majority of Plaintiff's patent infringement allegations under RCFC 12(b)(1) and/or 12(b)(6), including all patent infringement allegations

---

[1] On August 24, 2017, the Plaintiff e-mailed counsel for the United States, stating that "[a]s you know my strategy was to continue submitting claims of 'takings' and 'infringement' for as long as the Government continued to prolong this case . . . of course you know the claims has (*sic*) moved from twelve (12) claims of 'takings' and 'infringement' that began in the year 2013, to seventy-two (72) claims of 'takings' and 'infringement' as of this year 2017." Dkt. 123-1 at 1.

"concerning the Government's alleged use of 'smartphones and other consumer devices,'" Dkt. 130 at 32-34, and all infringement allegations "concerning unissued patent applications and pre-issuance use or manufacture," *id*. at 37-38. Following that omnibus order, the Court subsequently issued: (1) a November 28, 2018 Order dismissing all of Plaintiff's patent infringement allegations asserting only the limitations of dependent patent claims (without asserting the limitations of the independent claims from which those claims depend), Dkt. 151; and (2) a May 8, 2019 Order dismissing all of Plaintiff's takings claims, Dkt. 171.

In the May 8, 2019 Order, the Court noted that while "[i]n the past, the court has freely allowed plaintiff to amend the complaint . . . we also communicated to plaintiff that the fifth amended complaint must be the final, comprehensive statement of his allegations against the United States." *Id*. at 5. After the Court's May 8, 2019 dismissal of Plaintiff's takings claims, the Court observed that "[t]he only claims remaining in this case are eleven claims of patent infringement relating to three patents." *Id*.; *see also* Dkt. 151 at 3-4. These remaining infringement allegations had been summarized in the Government's November 2, 2018 "List of Remaining Patent Infringement Claims," which included the Plaintiff's allegation that prototype devices demonstrated in a DHS project known as "Cell-All" (hereinafter, the "Cell-All Project Prototypes")[2] infringed claims 1, 2, and 4 of U.S. Patent No. 7,385,497 (the '497 Patent). Dkt. 148 at 2 (citing Dkt. 120 at ¶¶ 211-215). Before the present case could proceed any further, however, Plaintiff moved for a stay in July 2019, pending the outcome of a petition filed at the Patent Office regarding one of Plaintiff's originally asserted patents (RE43,990). Dkt. 182.

---

[2] Plaintiff's various pleadings refer to these prototype devices as the "Cell-All Synkera MikroKera Ultra." *See* Dkt. 148 at 2 (citing Dkt. 120 at ¶¶ 211-215).

### C. The District of South Carolina Dismissed Plaintiff's "Duplicative" Infringement Suit, and the Federal Circuit Affirmed.

While the present case was stayed, Plaintiff filed a second patent infringement suit in the District of South Carolina on September 11, 2019 against many of the private companies now identified in the Sixth Amended Complaint (*e.g.*, Apple, Samsung Electronics, LG Electronics, Qualcomm).[3] *See Golden v. Apple, Inc.*, 2020 WL 710189 (D.S.C. Jan. 9, 2020). However, that action was dismissed by the district court as "duplicative" and "substantially identical" to the present case. *Golden v. Apple, Inc.*, 2020 WL 415896, at *2 (D.S.C. Jan. 27, 2020). The district court's dismissal was affirmed by the Federal Circuit "on the ground of [the] frivolousness" of Plaintiff's complaint. *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020). In doing so, the Federal Circuit noted that Plaintiff's complaint "nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant," but instead merely referenced "claim charts [that] present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures." *Id.*[4]

---

[3] In his aforementioned August 24, 2017 e-mail to counsel for the United States, the Plaintiff also stated that "[b]ecause of the Judge (*sic*) order I can no longer continue my strategy of introducing new 'takings' and 'infringement' claims . . . . Therefore, I have changed my strategy. My new strategy is to file a complaint(s) in Federal District Court against Apple, Samsung, LG, Panasonic, and Motorola for Patent infringement." Dkt. 123-1 at 2.

[4] Plaintiff subsequently filed another suit in the District of South Carolina on June 16, 2020 against many of the same defendants, including Apple, Samsung, and LG (No. 6:20-cv-02270). On September 11, 2020, Magistrate Judge Kevin F. McDonald issued a recommendation that the Court dismiss that action as "frivolous" and, "[i]n light of the plaintiff's prior frivolous filing in this court (and litigation history in the Court of Federal Claims)," that the Court "consider the entry of sanctions against the plaintiff in the future should the plaintiff continue to file frivolous litigation in this court." Slip Op. (Dkt. 16) at 11.

### D.  Plaintiff Moves to File His Present Sixth Amended Complaint

After Plaintiff's aforementioned petition regarding the RE43,990 patent was denied by the Patent Office, Plaintiff moved to amend his pleadings once again.  Dkt. 194.  In his motion to amend, Plaintiff represented that the Sixth Amended Complaint would drop almost all of his eleven remaining allegations of patent infringement, leaving only one: infringement of the '497 Patent by the Cell-All Project Prototypes.  *See id.* at 3 (stating that the Sixth Amended Complaint would "only litigate the above infringement allegation of (#1) 'Cell-All': Synkera Mikrokera Ultra asserted in the Complaint of infringing Patent# *7,385,497*").  On October 26, the Court granted Plaintiff's motion to amend, stating in its Order that the "[t]he remaining infringement contention relates to plaintiff's 7,385,497 ('497) patent."  Dkt. 193 at 2-3.

But the Sixth Amended Complaint does not merely allege that the accused Cell-All Project Prototypes infringed claims 1, 2, and 4 of the '497 Patent, as Plaintiff's motion to amend had represented.  Instead, the Sixth Amended Complaint alleges that the accused Cell-All Project Prototypes also infringe various other patents and pending patent applications.  Dkt. 195 at 7-8 (¶¶ 10-12).  The Sixth Amended Complaint also appears to allege that various consumer electronics manufactured by private companies such as Apple, Samsung, and LG not only infringe the '497 Patent, but also infringe the newly asserted patents and pending patent applications.  *Id.* at 3-6 (¶¶ 6-8).

## III.    RELEVANT LEGAL STANDARDS

### A.  Failure to State a Claim for Which Relief Can Be Granted (RCFC 12(b)(6))

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  RCFC 8(a)(2).  To survive a motion to dismiss pursuant to RCFC 12(b)(6), the complaint must contain enough facts to "raise a right to relief above the speculative level"—that is, to cross "the line from *conceivable* to *plausible*."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (emphases added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* ("We 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (quoting *Twombly*, 550 U.S. at 555)). Accordingly, "a 'pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). As the Federal Circuit noted in the appeal of Plaintiff's infringement suit from the District of South Carolina, "a plaintiff must allege 'enough facts to raise a reasonable expectation that discovery will reveal that the defendant is liable for the misconduct alleged.'" *Golden v. Apple*, 819 F. App'x at 931 (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012)).

### B. *Pro Se* Plaintiffs Are Not Excused From Failures in Pleading.

As this Court has previously noted (*see, e.g.*, Dkt. 130 at 16), pleadings made by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, while the Court may excuse ambiguities in a *pro se* plaintiff's complaint, the Court "does not excuse [its] failures," *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995), and "there is no duty on the part of the trial court to create a claim which plaintiff has not spelled out in his or her pleading," *Bondyopadhyay v. United States*, 149 Fed. Cl. 176, 186 (2020) (citations omitted); *see also Golden v. Apple*, 819

- 6 -

F. App'x at 931 ("Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that 'the plaintiff's vague and conclusory allegations fail to state a claim for relief.'").

## IV.     PLAINTIFF'S SIXTH AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY.

As noted above in Section II.D, the Sixth Amended Complaint does not in fact "only litigate the above infringement allegation of (#1) 'Cell-All': Synkera Mikrokera Ultra asserted in the Complaint of infringing Patent# 7,385,497," as Plaintiff represented. Dkt. 194 at 3. Instead, the Sixth Amended Complaint: (1) appears to accuse various consumer electronic devices (specifically, smartphones manufactured by Apple, Samsung, and LG) of infringement of Plaintiff's patents and pending patent applications; (2) re-asserts Plaintiff's allegations that the accused Cell-All Project Prototypes infringed the '497 patent; and (3) alleges that the accused Cell-All Project Prototypes infringed a number of patents and pending patent applications other than the previously asserted '497 patent.

But none of the allegations in the Sixth Amended Complaint contain facts sufficient to state a claim to relief that is plausible on its face. And Plaintiff's new allegations regarding non-party consumer electronics, as well as his assertion of his patents and pending patent applications against pre-issuance activity related to the Cell-All Project Prototypes, are claims that were already addressed and dismissed by this Court for Plaintiff's failure to establish jurisdiction and/or failure to state a claim to relief. Accordingly, the Sixth Amended Complaint should be dismissed in its entirety, as discussed in detail below.

**A. Plaintiff's New Infringement Allegations Concerning the Government's Alleged Use of "Smartphones" and Other Consumer Devices Were Previously Dismissed by this Court for Lack of Jurisdiction and for Failure to State a Claim.**

As an initial matter, the allegations in paragraphs 6-8 of the Sixth Amended Complaint (and the vast majority of Plaintiff's claim charts submitted as part of Exhibit 7) do not appear to be directed to the Cell-All Project Prototypes (or to the Cell-All project in general), but instead to consumer electronics (such as smartphones) manufactured by non-parties such as Apple, Samsung, and LG.[5] *See, e.g.*, Dkt. 195 at 3-6. However, Plaintiff's infringement allegations against these devices were already addressed and dismissed by the Court under both RCFC 12(b)(1) and 12(b)(6):

> No factual allegations, however, support assuming the Government used or authorized the use of these other "devices" or programs to infringe Plaintiff's patents. . . . Accordingly, these paragraphs of the Fifth Amended Complaint must be dismissed under RCFC 12(b)(1). Dkt. 130 at 33-34.

> Nor does the Fifth Amended Complaint provide anything other than conclusory allegations that the Government used or authorized the use of "smartphones and other consumer devices" in a manner that infringes Plaintiff's patents. . . . For these reasons, the Court has determined that even if the August 10, 2017 Fifth Amended Complaint established jurisdiction as to the patent infringement allegations . . . the allegations contained therein failed to state a claim upon which relief may be granted and must be dismissed under RCFC 12(b)(6). Dkt. 130 at 34.

The Government respectfully submits that Plaintiff's substantially identical allegations in the Sixth Amended Complaint against Apple, Samsung, LG, and any other non-party consumer electronics, should be dismissed again by the Court under both RCFC 12(b)(1) and 12(b)(6).

---

[5] The Sixth Amended Complaint refers to such third-party consumer electronics as "CMDC devices." *See, e.g.*, Dkt. 195 at 3 (¶ 6).

**B. Plaintiff's Infringement Allegations against the Accused Cell-All Program Prototypes Should be Dismissed in their Entirety.**

### 1. The Cell-All Project Prototypes accused in the Sixth Amended Complaint are two prototype models demonstrated in September 2011.

Aside from Plaintiff's previously dismissed patent infringement allegations regarding various consumer electronics manufactured by private companies such as Apple, Samsung, and LG (discussed above), Plaintiff's remaining patent infringement allegations in the Sixth Amended Complaint concern a Department of Homeland Security project termed "Cell-All." *See* Dkt. 195 at 6-7 (¶¶ 9-11). The Sixth Amended Complaint is vague as to the nature of the Cell-All project and exactly how Plaintiff alleges the Cell-All project infringed the '497 Patent,[6] but a coherent and detailed portrait of the accused Cell-All project can be pieced together from Plaintiff's supporting exhibits.

More specifically, as described in the 2013 article attached to the Sixth Amended Complaint as Exhibit 4,[7] the Cell-All project was previously "under development at the U.S. Department of Homeland Security" and envisioned a system in which "mobile phones are equipped with chemical-agent detectors." Dkt. 195 at 50 (Ex. 4 at p. 280); *see also id.* at 14 (Ex. 2) (Oct. 30, 2007 DHS Broad Agency Announcement 07-10 for "CELL-ALL Ubiquitous Biological and Chemical Sensing"). The 2013 article states "the program's initial phase in 2007 . . . led to the creation of six workable first-generation prototypes, including a 'form factor

---

[6] *See Golden v. Apple Inc.*, 819 F. App'x at 931 (noting that Plaintiff's counterpart complaint in the District of South Carolina "nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant," but instead merely referenced "claim charts [that] present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures").

[7] *Crowdsourcing urban surveillance: The development of homeland security markets for environmental sensor networks* by Torin Monahan and Jennifer T. Mokos.

- 9 -

phone' developed by Qualcomm and a chemical nanosensor device developed by NASA." *Id.* at

51 (Ex. 4 at p. 281). The 2013 article goes on to state that the "Cell-All" project culminated in

"a September 2011 live test and demonstration of second-generation prototypes" in Los Angeles,

*id.*, as referenced in paragraph 10 of the Sixth Amended Complaint, *id.* at 7.

Exhibit 7 to the Sixth Amended Complaint states that this September 2011

"demonstration of the Cell-All technology included two sensor prototypes, one developed by

NASA's Ames Research Center and the other by the small firm Synkera Technologies and

wireless technology company Qualcomm." *Id.* at 98. These two different prototype models

appear to be referenced at paragraphs 10 and 11 of the Sixth Amended Complaint, *id.* at 7, and

Exhibit 5 to the Sixth Amended Complaint (*id.* at 69) appears to depict both the NASA prototype

model and the Qualcomm/Synkera prototype model that were demonstrated in September 2011

(the aforementioned "Cell-All Project Prototypes"):



The exhibits submitted in support of the Plaintiff's Sixth Amended Complaint do not describe any activity in the Cell-All project after the September 28, 2011 demonstration of the two Cell-All Project Prototypes, nor do they describe any other devices that were ever developed as part of the Cell-All Project other than the single NASA prototype unit and single Qualcomm/Synkera prototype unit referenced above. And while the Sixth Amended Complaint alleges that the United States is "a current manufacturer, consumer, and/or user of the 'Cell-All,'" *id*. at 7 (¶ 10), the Sixth Amended Complaint and its supporting exhibits do not allege *facts* that would suggest that *any* devices were developed, manufactured, or used as part of the Cell-All Project after that sole September 28, 2011 demonstration of the two Cell-All Project Prototypes.

### 2. *Plaintiff's infringement allegations asserting new patents and patent applications against the Cell-All Project Prototypes should be dismissed for violating the Court's orders and for lack of jurisdiction.*

As discussed above in section II.D, in addition to asserting the '497 Patent against the Cell-All Project Prototypes, the Sixth Amended Complaint also seeks to introduce several new allegations of infringement against the Cell-All Project Prototypes: namely, that the Cell-All Project also allegedly infringed several other patents and pending patent applications filed by Plaintiff. Dkt. 195 at 2 (¶ 4), 7-8 (¶¶ 10, 12).[8] These new allegations should be dismissed for two separate reasons: (1) they violate Plaintiff's written representations and the repeated orders of the Court regarding the introduction of new claims at this belated stage in the litigation; and (2) the new allegations are futile, as none of the newly asserted patents or pending patent applications had issued by the time of the allegedly infringing activity in September 2011.

---

[8] Specifically, Plaintiff now seeks to assert U.S. Patent Nos. 8,106,752, 9,096,189, 9,589,439, 10,163,287 and U.S. Patent Application Nos. 16/350,683 and 16/350,874 against the Cell-All Project Prototypes. Dkt. 195 at 2 (¶ 4), 7-8 (¶¶ 10, 12).

### a.    Plaintiff's assertion of new patents and patent applications violates his representations and the Court's repeated orders.

The Court has repeatedly emphasized that Plaintiff was not to further expand his allegations of infringement after the May 2017 filing of a "Fifth and Final Amended Complaint." *See* Dkt. 116 at 2 ("Plaintiff may amend his complaint and claim chart one final time"); Dkt. 171 at 5 (stating that while "[i]n the past, the court has freely allowed plaintiff to amend the complaint . . . we also communicated to plaintiff that the fifth amended complaint must be the final, comprehensive statement of his allegations against the United States"). And in Plaintiff's motion for leave to file the Sixth Amended Complaint, he represented that "Plaintiff will only litigate the above infringement allegation of (#1) 'Cell-All': Synkera Mikrokera Ultra asserted in the Complaint of infringing Patent# *7,385,497*." Dkt. 194 at 3. Yet Plaintiff's new claims attempt to expand his allegations to newly asserted patents and pending patent applications, and these new claims should be dismissed by the Court for this reason alone under RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it.").

### b.    Plaintiff's assertion of new patents and patent applications against pre-issuance activity is futile and was previously dismissed by this Court.

Further, the *oldest* of the new patents (and pending patent applications) asserted in the Sixth Amended Complaint—U.S. Patent No. 8,106,752—did not issue until January 31, 2012, three months after the September 2011 demonstration of the accused Cell-All Project Prototypes allegedly took place. Accordingly, Plaintiff's complaint fails to plead any plausible activity by the Cell-All Project Prototypes that could have infringed any of these subsequently-issued patents (let alone pending patent applications) that Plaintiff seeks to now assert. Accordingly,

- 12 -

assertion of any of these new patents (or pending applications) against the Cell-All Project Prototypes would be futile for lack of jurisdiction under 28 U.S.C. § 1498(a). Plaintiff's new allegations of patent infringement should be dismissed for this reason as well.

"Generally, patent owners may only collect damages for patent infringement that takes place during the life of the patent." *See Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016)). As discussed above, the Sixth Amended Complaint and its supporting exhibits do not allege facts that would suggest that any devices were developed, manufactured, or used as part of the Cell-All project after the alleged September 28, 2011 demonstration.

Indeed, the Court has already ordered that all such infringement allegations concerning "unissued patent applications and pre-issuance use or manufacture must be dismissed under Rule RCFC 12(b)(1)":

> The court's jurisdiction under 28 U.S.C. § 1498(a) is limited to allegations "against the [G]overnment arising out of post-issuance [G]overnment use [or manufacture] of an invention." *Hornback v. United States,* 601 F.3d 1382, 1386 (Fed. Cir. 2010) ("The language of section 1498(a) is mandatory, and therefore grants the [United States] Court of Federal Claims exclusive jurisdiction to hear all claims against the [G]overnment arising out of post issuance [G]overnment use of an invention.").

Dkt. 130 at 27-28. Plaintiff's new claims should be dismissed under RCFC 12(b)(1) for this reason as well.

### 3. Plaintiff's Sixth Amended Complaint fails to plausibly plead infringement of any claim of the '497 Patent with respect to the accused Cell-All Program Prototypes, and those allegations should be dismissed.

The final remaining allegation in Plaintiff's Sixth Amended Complaint is that the Accused Cell-All Program Prototypes infringe claims 1, 2, and 4 of Plaintiff's '497 Patent. Dkt. 195 at 7-8 (¶¶ 10-12). But as discussed below, the Sixth Amended Complaint and its exhibits do not contain facts sufficient to raise any plausible allegation of infringement of the '497 Patent.

- 13 -

      **a.   The asserted claims of the '497 Patent require sensors that transmit signals to automatically lock a product in response to the sensors' detection of radiation or hazardous chemical/biological substances.**

The claimed invention of the '497 Patent that Plaintiff asserts in the Sixth Amended Complaint was aptly described by the District of South Carolina: "These patents are entitled 'multi sensor detection and lock disabling system' . . . The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other apparatuses wherein the explosives/radiation are detected." *Golden v. Apple*, 2020 WL 415896 at *1.

More specifically, the '497 Patent is directed to such a "multi sensor detection and lock disabling" system that includes a number of "detectors that sample for chemical, biological and radiological compounds, agents, and elements." Ex. 1 ('497 Patent) at Abstract. "[W]hen a specific compound or agent is detected" by a detector, the system "transmits a signal to a lock disabler engaged to [a] product to lock or disable the product's lock thereby preventing untrained, unauthorized and unequipped individual's (*sic*) from gaining access and entry to the product, and also preventing further contamination of the area." *Id.* The '497 Patent provides various examples of such a "product": "cargo containers, shipping containers, tractor trailers, mail carriers, mail boxes, and lockers." *Id.* at 2:58-62; *see also id.* at 6:42-49. In other words, the '497 Patent is directed to detecting radiation and/or hazardous chemical or biological substances emanating from a container, then automatically locking that container until the hazardous substance(s) inside can be handled by properly trained and equipped personnel. *See id.* at 9:22-10:28.

Independent claim 1 of the '497 Patent—the only independent claim of the '497 Patent asserted by Plaintiff—accordingly requires:

        **an automatic/mechanical lock disabler** interconnected to the cpu
        and **which is mounted to a lock on a product for receiving**

- 14 -

> **transmission from the cpu to lock or disable the lock on the product to prevent access to the product** by unauthorized, untrained and unequipped individuals; and
>
> **whereupon detection of specific chemical, biological, or radiological agents or compounds by the detectors** causes the lighting of the corresponding indicator light for visual confirmation of the detection and **initiates signal transmission from the cpu to the automatic/mechanical lock disabler to lock or disable the lock of the product thereby preventing further contamination about the product and denying access to the product** by unauthorized, untrained and unequipped individuals.

*Id.* at 11:12-27 (emphases added).

> **b.    The Sixth Amended Complaint fails to plausibly plead infringement of any asserted claim of the '497 Patent by the accused Cell-All Project Prototypes, and any such claim of patent infringement would be futile.**

"To establish infringement of a patent, every limitation set forth in a claim must be found in an accused product or process exactly or by a substantial equivalent." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990). And the Sixth Amended Complaint fails to plausibly allege that any accused Cell-All Project Prototype contains every limitation of the asserted '497 Patent claims.

More specifically, as discussed in the preceding section, the claims of the '497 Patent that Plaintiff asserts all require:

> **an automatic/mechanical lock disabler** interconnected to the cpu and **which is mounted to a lock on a product for receiving transmission from the cpu to lock or disable the lock on the product to prevent access to the product** by unauthorized, untrained and unequipped individuals; and
>
> **whereupon detection of specific chemical, biological, or radiological agents or compounds by the detectors** causes the lighting of the corresponding indicator light for visual confirmation of the detection and **initiates signal transmission from the cpu to the automatic/mechanical lock disabler to lock or disable the lock of the product thereby preventing**

- 15 -

> **further contamination about the product and denying access to the product** by unauthorized, untrained and unequipped individuals.

Ex. 1 ('497 Patent) at 11:12-27 (emphases added). Yet the Sixth Amended Complaint does not allege or suggest that either of the Cell-All Project Prototypes contained the required "automatic/mechanical lock disabler . . . mounted to a lock on a product," much less that either of the Cell-All Project Prototypes would "initiate[] signal transmission from [a] cpu to [a] automatic/mechanical lock disable to lock or disable the lock of the product" upon "detection of specific chemical, biological, or radiological agents or compounds by the detectors." Nor does the Sixth Amended Complaint plausibly allege that several other limitations of the asserted '497 Patent claims are present in either of the Cell-All Project Prototypes—for example, the claimed requirement of a "plurality of indicator lights located on the front side with each indicator light corresponding to and indicating the detection of one specific chemical, biological, and radiological agent and compound," or the claimed requirement that "each detector includ[es] a sound alarm indicator, a readings panel, a light alarm indicator, and a sensor." Ex. 1 ('497 Patent) at 10:60-11:27 (independent claim 1).

The exhibits attached in support of the Sixth Amended Complaint similarly fail to suggest that either of the Cell-All Project Prototypes had or plausibly could have had the functionality required by each of the asserted claims of the '497 Patent. In fact, the descriptions of the Cell-All Project Prototypes in the articles and documents submitted with the Sixth Amended Complaint (specifically, Exhibits 2, 4, 5, and 7) and discussed above in Section IV.B.1 do not appear to contain the word "lock" or "unlock" (or any variant thereof), much less any suggestion that either of the accused Cell-All Project Prototypes would meet all the lengthy requirements of the asserted '497 Patent claims.

- 16 -

Further, while the "Claim Charts for the DHS; S&T '*Cell-All*' Initiative" submitted as part of Exhibit 7 to the Sixth Amended Complaint copy and paste the "lock disabler" limitations of the '497 Patent claims discussed above, *see* Dkt. 195 at 102, 105, 111, 114, 120, 123, 131 (Ex. 7 at pp. 8, 11, 17, 20, 26, 29, 37), these portions of the claim charts do not refer to either of the Cell-All Project Prototypes. Rather, the claim charts refer to various consumer electronics (*e.g.*, smartphones) manufactured by non-parties such as LG, Apple, and Samsung, which are based on claims that the Court has already dismissed, as discussed above in section IV.A. And even the claim charts do not plausibly allege that *any* devices (much less either of the Cell-All Project Prototypes) would "initiate[] signal transmission from [a] cpu to [a] automatic/mechanical lock disable to lock or disable the lock of [a] product" upon "detection of specific chemical, biological, or radiological agents or compounds by the detectors," as required by all of the asserted '497 Patent claims.

Accordingly, the Government respectfully submits that Plaintiff's allegations asserting the '497 Patent against the Cell-All Project Prototypes should be dismissed under RCFC 12(b)(6) for failing to plausibly allege a claim of infringement.

## V.    CONCLUSION

For the reasons discussed above, it is respectfully requested that Plaintiff's Sixth Amended Complaint be dismissed in its entirety.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

GARY L. HAUSKEN
Director


/s/ Grant D. Johnson
Grant D. Johnson
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
*Grant.D.Johnson@usdoj.gov*
(202) 305-2513

*Attorneys for the Defendant,*
November 5, 2020                           *The United States*

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED

STATES' MOTION TO DISMISS PLAINTIFF'S SIXTH AMENDED COMPLAINT" was sent

on November 5, 2020 via e-mail and U.S. Mail, to:

Larry Golden
740 Woodruff Road
#1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*


/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice