## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LARRY GOLDEN,<br><br>      Plaintiff, *pro se*,<br><br>   v.<br><br>THE UNITED STATES,<br><br>      Defendant. | No. 13-307 C<br><br>Senior Judge Eric G. Bruggink |

### DEFENDANT THE UNITED STATES' MOTION TO STRIKE IMPERTINENT AND SCANDALOUS MATTER FROM PLAINTIFF'S "REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT" [DKT. 233]

      The Government files this motion to strike impertinent and scandalous matter from Plaintiff's June 17, 2021 brief (Dkt. 233), based on the Court's inherent power to strike items from its docket. *See Hardy v. United States*, Case No. 14-388L, 2021 WL 1940658, at *2 (Fed. Cl. May 14, 2021) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (describing the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases")). Specifically, the Government moves to strike (1) baseless accusations regarding alleged misconduct by the Government's undersigned counsel and (2) improper new sur-reply arguments from Plaintiff's "reply" brief. *See Arunachalam v. IBM Corp.*, 989 F.3d 988, 999–1002 (Fed. Cir. 2021) (striking "scandalous and baseless allegations . . . presented without a semblance of factual support" from a *pro se* plaintiff's briefing).

## I. PLAINTIFF'S BASELESS ACCUSATIONS OF ALLEGED GOVERNMENT "MISCONDUCT" SHOULD BE STRUCK.

In his June 17 brief, Plaintiff alleges that the undersigned counsel for the Government "doctored, altered, and manipulated the details of an official Government document published by the USPTO." Dkt. 233 at 18.[1] Plaintiff's accusations are false.

Plaintiff's allegations are directed to Exhibit A to the Government's reply brief (Dkt. 232-1), which is a copy of the "Continuity Data" stored in the U.S. Patent & Trademark Office's "Patent Application Information Retrieval" (PAIR) system[2] for Plaintiff's original U.S. Patent No. 7,385,497 ("the '497 patent"). The Government cited this data from the PAIR system to illustrate that Plaintiff was continuing to file and prosecute patent applications that purport to claim priority to the patents at issue in this case, including the '497 patent. *See* Dkt. 232 at 13.

Plaintiff now accuses counsel for the Government of "doctor[ing]," "alter[ing]," and "manipulat[ing]" the PAIR system's official record "in an effort to deceive the Court." Dkt. 233 at 18. Specifically, Plaintiff alleges that counsel for the Government "willingly omitted" Plaintiff's asserted U.S. Patent No. 8,106,752 ("the '752 patent") from the official PAIR record, as well as three other of Plaintiff's patents that claim priority to the '752 patent.[3] Dkt. 233 at 18.

---

[1] In his recent filings, Plaintiff has raised increasingly heated allegations directed to the undersigned counsel for the Government. *See* Dkt. 231 at 52 ("recommending sanctions be brought against" the undersigned counsel for the Government for allegedly "harass[ing] Plaintiff and misle[ading] this Court"); Dkt. 233 at 1 ("The Defense is lying"), 20 (stating that "just punishment" should be "given to those found guilty of wrongdoing . . . includ[ing] one within the DOJ's ranks who has crossed the line and violated the law").

[2] The PAIR system's records, including those for the '497 patent, are publicly accessible at https://portal.uspto.gov/pair/PublicPair.

[3] Specifically, U.S. Patent Nos. 8,334,761 ("the '761 patent"), 8,531,280 ("the '280 patent"), and 9,096,189 ("the '189 patent"). Plaintiff is asserting the '189 patent against the Government, but not the '761 patent or the '280 patent.

Plaintiff is wrong.  The '752 patent does not appear in the PAIR system's official continuity data for the '497 patent because Plaintiff's '752 patent ***does not claim priority to the '497 patent***.[4]  *See* Ex. 1 ('752 patent) at cover, 1:6–18 (claiming priority only to U.S. Patent No. 7,636,033).  And the other patents that Plaintiff claims were "willingly omitted" from the '497 patent PAIR record also do not claim priority to the '497 patent.  *See* Ex. 2 ('761 patent) at cover, 1:4–15; Ex. 3 ('280 patent) at cover, 1:4–20[5]; Ex. 4 ('189 patent) at cover, 1:4–36.

Plaintiff's allegations of misconduct are baseless and should be struck by the Court.

**II.   IMPROPER SUR-REPLY ARGUMENTS RAISING A NEW INFRINGEMENT THEORY SHOULD BE STRUCK FROM PLAINTIFF'S "REPLY" BRIEF.**

Plaintiff's brief is also not a proper reply in support of a cross-motion.  Instead, Plaintiff's brief raises a new infringement theory in an improper sur-reply to the Government's motion to strike Plaintiff's deficient infringement contentions.  *See* Dkt. 233 at 15–16 ("To satisfy the Defendant's request, the Plaintiff is pointing to every camera that is standard for all new and improved cell phones or smartphones").  This new infringement theory appears nowhere in Plaintiff's infringement contentions, and only further highlights the deficiencies of those contentions, which the Government has moved to strike.  And because this new theory is being raised for the first time in sur-reply, it should be struck from Plaintiff's brief and disregarded by the Court.  *See Hardy*, 2021 WL 1940658, at *3 (Fed. Cl. May 14, 2021) ("[A] party generally waives an argument raised for the first time in reply.") (citing *United States v. Ford Motor Co.*,

---

[4]   To claim the benefit of an earlier patent application's filing date, a patent application's specification must "contain a specific reference to the earlier filed application."  35 U.S.C. § 120.

[5]   We use the accepted notation for internal citation to the written description of patents in the form [column]:[line], where the column number is located at the top of each text column and the line numbers are indicated between the columns.

463 F.3d 1267, 1277 (Fed. Cir. 2006) ("It is unfair to consider an argument to which the government has been given no opportunity to respond.")).

                                          Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Acting Assistant Attorney General

                                          GARY L. HAUSKEN
                                          Director


                                          <u>/s/ Grant D. Johnson</u>
                                          GRANT D. JOHNSON
                                          Trial Attorney
                                          Commercial Litigation Branch
                                          Civil Division
                                          Department of Justice
                                          Washington, DC  20530
                                          *Grant.D.Johnson@usdoj.gov*
                                          (202) 305-2513

                                          COUNSEL FOR THE DEFENDANT,
June 24, 2021                              THE UNITED STATES

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES' MOTION TO STRIKE IMPERTINENT AND SCANDALOUS MATTER FROM PLAINTIFF'S 'REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT'" was sent on June 24, 2021 via e-mail to:

Larry Golden
740 Woodruff Road
#1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice