# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff, *pro se*,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 13-307 C<br><br>Senior Judge Eric G. Bruggink |

**DEFENDANT THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S "CORRECTED INFRINGEMENT CONTENTIONS" AND DISMISS PLAINTIFF'S SIXTH AMENDED COMPLAINT, AND DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTIONS**

The Court's July 29, 2021 Order striking Plaintiff's original infringement contentions agreed that those contentions were "fatally deficient." Dkt. 239 at 6. In particular, the Court emphasized that Plaintiff's contentions "utterly fail[ed] to identify" (*id.* at 10) two separate elements required by each of Plaintiff's twenty-five asserted claims: (1) sensors for detecting hazardous biological, chemical, and/or radiological substances, *see id.* at 7–10; and (2) a locking mechanism that locks/unlocks a product in response to detection of such hazardous substances, *see id.* at 10–12. The Court granted Plaintiff one final opportunity to submit corrected infringement contentions that raised a plausible theory of infringement and complied with the Court's Patent Rules, but warned that "[i]f plaintiff fails to file a claims chart that complies with Rule 4, the court will assume that it cannot be done and that the complaint should be dismissed." *Id.* at 12.

Plaintiff did not serve infringement contentions that comply with PRCFC 4. Instead, as detailed in the Government's motion to strike Plaintiff's "corrected" contentions and to dismiss

Plaintiff's Sixth Amended Complaint (Dkt. 240) (the "Motion" or "Mot."), Plaintiff's latest contentions fail to present a plausible theory of infringement for either of the two asserted claim limitations that the Court had specifically flagged. *See* Mot. at 10–19 (detailing Plaintiff's failure to identify any claimed "sensors" or "detectors" in accused products allegedly used by the Government), 19–24 (detailing Plaintiff's failure to identify the claimed locking mechanism). Indeed, for the majority of the asserted claim limitations, Plaintiff's "corrected" contentions continue his practice of copying-and-pasting boilerplate argument, instead of providing an identification of where allegedly infringing functionality or structures are found in the accused products. *See id.*; *see also* Mot. at 24–25 (discussing the deficiencies found throughout Plaintiff's "corrected" contentions).

Plaintiff's opposition to the Motion (Dkt. 241) (the "Opposition" or "Opp.") confirms that Plaintiff has no plausible theory of infringement for any of his asserted claims against any accused product, and that Plaintiff cannot prepare contentions that comply with the Court's Patent Rules.[1] Plaintiff's Opposition largely fails to even address the numerous deficiencies in his contentions that were detailed by the Motion, much less justify those deficiencies. Instead, the Opposition discusses various topics completely unrelated to the deficiencies in Plaintiff's contentions and Plaintiff's failure to identify the claimed sensors/detectors or locking functionality in any of the accused products, such as: (1) quotes from Northern District of Illinois cases interpreting that District's Local Patent Rules, Opp. at 1–5; (2) discussion of the functionality and structure of computer processors, *id.* at 12–15; (3) discussion of "Qualcomm's

---

[1] The Government now files this response and reply to Plaintiff's Opposition pursuant to the Court's September 14, 2021 Order. Dkt. 242 at 2.

Technological Capability and Industry," *id.* at 15–19; and (4) complaints regarding the Government's June 25, 2021 Preliminary Disclosure of Invalidity Contentions, *id.* at 23–26.

Plaintiff's Opposition further confirms that he has no plausible infringement theory and cannot prepare contentions that comply with PRCFC 4. The Court should dismiss this case.[2]

## I. Plaintiff does not dispute that his "corrected" infringement contentions fail to identify where the claimed "sensors" and/or "detectors" are allegedly found in any accused product.

In striking Plaintiff's original infringement contentions, the Court stated:

> [E]ach of plaintiff's asserted patents ('497, '752, '189, '439, '287) claim sensors, nevertheless, plaintiff's claim chart does not identify sensors in the accused products.
> . . .
> We have examined the extensive charts submitted and are satisfied that the charts utterly fail to identify any infringing structures, components, or functionality in the accused product models that could serve as sensors or detectors.

Dkt. 239 at 9–10. Plaintiff's "corrected" infringement contentions are similarly deficient. Accordingly, the Government's Motion parsed through Plaintiff's "corrected" claim charts for the "sensor"/"detector" limitations of the asserted claims in detail, illustrating that those "corrected" infringement charts fail to identify any structure or functionality in any of the accused products that could plausibly satisfy these requirements of the asserted claims. *See* Mot. at 10–19.

---

[2] As the Government previously noted, Plaintiff separately raised alleged antitrust claims against Apple, Samsung, and LG (and other entities) in the United States District Court for the District of South Carolina. *See* Dkt. 232 at 16 (discussing D.S.C. Case No. 20-cv-02270). On September 20, 2021, the District of South Carolina dismissed that action, adopting the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's "frivolous" claims on the same "basis for the dismissal in Plaintiff's previous case alleging patent infringement claims." *Golden v. Apple Inc., et al.*, 2021 WL 4260782, at *3 (D.S.C. Sept. 20, 2021).

The Opposition fails to even address those identified deficiencies in Plaintiff's contentions.  Instead, Plaintiff alleges that:

> The only claim limitation the Defendant identified, that they believe is in violation of Patent Local Rule 4(d), is claim 1 of Plaintiff's '497 patent: "*detection of specific chemical, biological, or radiological agents or compounds by the detectors causes . . . the automatic/mechanical lock disabler to lock or disable the lock of the product . . . .*"

Opp. at 20 (emphasis in original); *see also id.* at 23 ("The Defendant challenged only one (claim 1 of the '439 (*sic*) patent) of the twenty-five patent claims asserted in this case.").  But this is plainly not true—the Motion illustrated how Plaintiff's "corrected" infringement contentions failed to comply with PRCFC 4(c) and 4(d) for multiple limitations of each asserted claim (including the claimed sensors/detectors) as applied to each accused product.  *See generally* Mot. at 10–19 (PRCFC 4 deficiencies regarding the sensor/detector limitations), 19–24 (PRCFC 4 deficiencies regarding the locking/unlocking limitations), 24–25 (general PRCFC 4 deficiencies).

Elsewhere, Plaintiff provides an "example" of how he has allegedly complied with PRCFC 4 for a subset of the accused products and asserted claim limitations.  *See* Opp. at 5–11.  But providing charts that comply with PRCFC 4 for only some accused products,[3] and for only a subset of the limitations of the asserted claims, is insufficient to satisfy PRCFC 4, which requires a plaintiff's contention claim charts to "identify[] where *each* element of *each* asserted claim is found within *each* accused product."  Dkt. 239 at 6–7 (quoting PRCFC 4) (emphasis added).  Furthermore, even the excerpt from Plaintiff's claim charts in the Opposition regarding the preamble of claim 1 of the '497 patent (*see* Opp. at 7–11) is deficient, as was specifically detailed in the Government's Motion, *see* Mot. at 18–19.

---

[3] As noted in the Motion, Plaintiff has failed to provide any claim charts at all for fifty-six products that he newly accused of infringement on August 23, 2021.  *See* Mot. at 9–10.

By completely ignoring the deficiencies of his "corrected" infringement contentions regarding the sensors and detectors required by his asserted claims, Plaintiff implicitly admits that he has no plausible infringement theory and cannot prepare compliant infringement contentions for those claim limitations. Plaintiff's "corrected" contentions should be struck, and his Sixth Amended Complaint dismissed, for this reason alone.

## II. Plaintiff's Opposition confirms that he has no plausible theory for how any accused product allegedly infringes the locking functionality required by his asserted claims.

In striking Plaintiff's original infringement contentions, the Court also stated:

> Each of the asserted patents ('497, '752, '189, '439, and '287) also require a locking mechanism that is not identified in the accused products.
> . . .
> Nothing in [Plaintiff's] narrative identifies a locking feature or explains how it operates in a way that infringes. We agree with defendant that that this is too generalized to satisfy the requirements of an infringement claim. Plaintiff must identify how the accused product incorporates a locking mechanism or meets the unlocking limitations of claim 1 of plaintiff's '497 patent in response to the detection of a hazardous substance.

Dkt. 239 at 10–11. And as with the "sensor"/"detector" limitations, Plaintiff's "corrected" infringement contentions are similarly deficient with regards to the locking functionality required by the asserted claims. Accordingly, the Government's Motion also parsed Plaintiff's "corrected" claim charts for the "locking" limitations of the asserted claims in detail, illustrating that those "corrected" charts also failed to identify any structure or functionality in any of the accused products that could plausibly satisfy these requirements of the asserted claims. *See* Mot. at 10–19.

As discussed *supra*, Plaintiff fails to even address the deficiencies highlighted in the Motion regarding twenty-four of his twenty-five asserted claims, instead claiming incorrectly that Plaintiff has only challenged the sufficiency of his claim charts with regards to claim 1 of

the '497 patent. Opp. at 20, 23. By completely ignoring the deficiencies of his claim charts with regards to the required "locking" functionality of his other twenty-four asserted claims, Plaintiff implicitly admits that he has no plausible infringement theory and cannot prepare compliant infringement contentions for those twenty-four asserted claims.

Further, even Plaintiff's arguments as to the "locking" functionality required by asserted claim 1 of the '497 patent (*see* Opp. at 20–23) are unpersuasive. Much of Plaintiff's argument relies on Plaintiff's own patent specifications, not on any structure or functionality allegedly found in any of the accused products. *See* Opp. at 21–22. And while Plaintiff now provides an "Example" of an "Android device automatically lock[ing] itself up" in response to an incorrect passcode, *id.* at 22, this fails to identify how any of the accused products allegedly lock a product in response to "detection of specific chemical, biological, or radiological agents or compounds by the detectors . . . thereby preventing further contamination about the product," as expressly required by asserted claim 1 of the '497 patent,[4] *see* Mot. at 23.

Additionally, Plaintiff continues to state that the "locking" limitation of claim 1 of the '497 patent is allegedly met under the doctrine of equivalents. Opp. at 22–23. Yet this argument suffers from the same deficiency as his "corrected" contentions. As explained in the Government's Motion, Plaintiff failed to provide any analysis or argument in his new claim charts as to "how the asserted claims are performed in substantially the same function in substantially the same way to obtain substantially the same results." *See* Mot. at 23–24 (quoting

---

[4] At one point, Plaintiff's Opposition states without citation that "when a signal is received at a CPU, signifying . . . detection of a bomb . . . the CPU processes instructions to lock or disable the lock on the Defendants' accused devices." Opp. at 22. But Plaintiff has not presented or cited to any evidence that would even suggest that any accused product model used by the Government contains functionality that locks that device (or any other product) in response to the detection of a bomb.

Dkt. 239 at 12). And similarly, Plaintiff's Opposition provides no explanation as to *how* the asserted claims are allegedly performed in substantially the same function in substantially the same way to obtain substantially the same results. *See* Opp. at 22–23.

Plaintiff's "corrected" contentions should also be struck (and his Sixth Amended Complaint dismissed) for his failure to provide a plausible theory of infringement for the "locking" limitations of his asserted claims.

### III. Plaintiff's citations to opinions interpreting the Northern District of Illinois' Local Patent Rules further highlight the deficiencies of his "corrected" contentions.

Plaintiff's Opposition contains several pages of quotes from opinions interpreting the Local Patent Rules of the U.S. District Court for the Northern District of Illinois.[5] *See* Opp. at 1–5. The Opposition does not provide any explanation for how these citations allegedly support the proposition that Plaintiff's contentions are compliant with Patent Rule 4 of the Court of Federal Claims. *See id.* However, it can be inferred from these excerpts that Plaintiff is suggesting that he is not required to address every element of the asserted claims in his infringement contentions. A review of those authorities, however, demonstrates Plaintiff's failures.

While each of the opinions Plaintiff cites discusses the local patent rules of a different jurisdiction, these cases help illustrate why Plaintiff's "corrected" infringement contentions are deficient. In *In re Innovatio IP Ventures*, the Northern District of Illinois found that while "a party need not identify every piece of evidence on which it will ultimately rely," a plaintiff must still "identify 'where each element of each asserted claim is found within each Accused Instrumentality.'" 956 F. Supp. 2d 925, 940 (N.D. Ill. 2013). Here, Plaintiff's "corrected"

---

[5] In addition to these citations from the Northern District of Illinois, Plaintiff also cites to one opinion from the U.S. District Court for the Northern District of California. *See* Opp. at 2–3.

contentions fail to identify where the claimed sensors/detectors of hazardous substances and locking/unlocking functionality (as well as many other asserted claim limitations) are allegedly found in any accused product, and thus fail to comply with PRCFC 4(c).

Similarly, as discussed in *Shared Memory Graphics v. Apple*, "all courts agree that" a plaintiff's infringement contentions "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 996 (Fed. Cir. 2000)). Yet here, Plaintiff has failed to identify any plausible infringement theory at all for multiple limitations of each of his twenty-five asserted claims, confirming that he has no reasonable chance of proving infringement by any accused product.

### IV. Plaintiff's citations to descriptions of the CELL-ALL initiative fail to allege or identify infringement by any accused products.

Plaintiff's Opposition also contains a section that excerpts quotes from the 2007 CELL-ALL solicitation, as well as from articles describing the objectives of the CELL-ALL initiative. *See* Opp. at 26–28. But these quotes, which describe the ambitions of a government program, do not evidence or suggest infringement by any of the *accused products*. As the Court noted in its July 29 Order:

> [T]he infringement chart merely cites information from the DHS 'Cell All' initiative as if the procurement initiative itself was a product reading on the limitations of claim 1 of the '497 patent[]
> . . .
> A procurement initiative is a not a product or a method. At most, it is an ambition. Critically, what it is not is the required identification of how the components or methods actually employed by Apple iPhone 7 or 8 teach the limitations of "detecting chemical, biological, and radiological agents and compounds."

Dkt. 239 at 8–9. Plaintiff's continued reliance on quotes from documents describing the hopes and aspirations of the CELL-ALL initiative—instead of identifying any allegedly infringing

functionality or structure in real-world products—further confirms that he has no plausible theory of infringement for any of the accused products.

**V.   The discussion of the alleged functionality of computer processors, discussion of "Qualcomm's Technological Capability and Industry," and complaints regarding the Government's invalidity contentions have no relevance to the deficiencies of Plaintiff's "corrected" infringement contentions.**

In addition to the items discussed above, Plaintiff's Opposition also contains:

- A discussion of the functionality and structure of computer processors, including excerpts from Plaintiff's own patents' specifications, Opp. at 12–15;

- A discussion of Qualcomm's alleged "Technological Capability and Industry," *id.* at 15–19; and

- Complaints regarding the Preliminary Disclosure of Invalidity Contentions served by the Government on June 25, 2021, *id.* at 23–26.[6]

But none of these disparate topics has any relevance to whether any of the accused Apple, Samsung, and LG products infringe Plaintiff's twenty-five asserted patent claims, much less to the deficiencies of Plaintiff's "corrected" infringement contentions with regards to the sensor/detector and locking elements of those asserted claims.  The Opposition's focus on these tangential issues further confirms Plaintiff's lack of any viable infringement theory for any accused product.

**VI.   Plaintiff's Opposition is not a proper cross-motion for summary judgment or cross-motion to strike.**

Finally, as the Court noted in its September 14, 2021 Order, Dkt. 242 at 2, Plaintiff's Opposition is titled as a "Motion for Summary Judgement," Opp. at 1.  The Court has repeatedly noted to Plaintiff that moving for summary judgment would be premature at this stage of the

---

[6] .Further, the arguments in Plaintiff's section on "Defendant's Invalidity Contentions" (Opp. at 23–26) are both factually and legally incorrect—as explained in the Government's prior briefs, Plaintiff is mistaken regarding both the operation of IPR estoppel as well as the priority dates of his asserted patents.  *See* Dkt. 232 at 17–19.

case. *See* Dkt. 193 at 3 ("Plaintiff's August 25, 2020 motion for summary judgment is denied as premature"); Dkt. 225 at 1–2 ("a decision on infringement is not possible until the meaning of the terms of the patent are known").  And while Plaintiff moving for summary judgment would be improper and baseless in any event, Plaintiff's Opposition is not a true summary judgment motion.

Despite its title, the Opposition does not reference summary judgment until its final two paragraphs, *see* Opp. at 29, and even then fails to identify what claim or defense Plaintiff is allegedly moving for summary judgment on, in violation of RCFC 56(a).  Similarly, while the preceding two paragraphs of the Opposition state that the Government's Motion "should be stricken," Plaintiff fails to identify any particular portion of the Motion that is allegedly offending or to cite any authority that would justify such relief.  *See id.*

Plaintiff's cross-motions should be denied.

## CONCLUSION

Plaintiff's Opposition confirms that after eight years of litigation, he lacks any plausible theory of infringement against the Government for any of the accused products.  Plaintiff's "corrected" infringement contentions should be struck, and his Sixth Amended Complaint dismissed.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        GARY L. HAUSKEN
        Director


        <u>/s/ Grant D. Johnson</u>
        GRANT D. JOHNSON
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        Washington, DC 20530
        *Grant.D.Johnson@usdoj.gov*
        (202) 305-2513

September 28, 2021        COUNSEL FOR THE DEFENDANT,
        THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "DEFENDANT THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S 'CORRECTED INFRINGEMENT CONTENTIONS' AND DISMISS PLAINTIFF'S SIXTH AMENDED COMPLAINT, AND DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTIONS" was sent on September 28, 2021 via e-mail to:

Larry Golden
740 Woodruff Road
#1102
Greenville, SC 29607
atpg-tech@charter.net

Plaintiff, *pro se*

/s/ Grant D. Johnson
Grant D. Johnson
Department of Justice